JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0192 | **DATE** | 5/20/2003 |
| **CASE TITLE** | Lockhart vs. Village of Riverdale | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Village of Riverdale's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Village of Riverdale's motion for summary judgment is GRANTED on Count II of the complaint [13-1]. Count I of the complaint is dismissed with prejudice. Counts III, IV and V of the complaint are state law claims over which this Court declines to exercise supplemental jurisdiction. Accordingly, Counts III, IV and V of the complaint are dismissed without prejudice. All other motions are moot and terminated. This action is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 2 2003 date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 03 MAY 21 PM 12: 03 | date mailed notice | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| PAMELA LOCKHART, NAPOLEON LOCKHART, | DOCKETED MAY 2 2 2003 |
| Plaintiffs, | |
| v. | No. 02 C 0192 |
| | HONORABLE DAVID H. COAR |
| VILLAGE OF RIVERDALE, FIVE UNKNOWN POLICE OFFICERS, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Pamela and Napoleon Lockhart ("Plaintiffs") filed a five count Complaint against the Village of Riverdale ("the Village") and five unknown police officers for the damages they allegedly sustained in their interaction with five unknown police officers on February 11, 2001. Counts I and II are based on alleged violations of 42 U.S.C. § 1983 by the unknown police officers and Riverdale. Counts III, IV and V are Illinois state law claims of intentional infliction of emotional distress and false arrest against both the unknown police officers and the Village. Before this court is the Village's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Village's motion for summary judgment is GRANTED.



I. Factual Background

The following facts are taken from the defendant's Local Rule 56.1 Statement of Uncontested Facts.[1] David Shilling is currently employed by the Village of Riverdale as the Chief of Police and became Chief of Police in 1995. David Shilling was originally hired by the Village of Riverdale Police Department ("Riverdale Police Department") as a patrol officer and was promoted from time to time and held various positions until being promoted to Chief of Police. David Shilling originally became employed with the Riverdale Police Department in 1972. David Shilling has personal knowledge concerning the policies and procedures which are in place in the Village based upon his tenure with the Police Department and the ranks which he has held. The Village has a set policy regarding discipline, use of force, complaints of officer misconduct, and rules which reference specific prohibited acts on the part of police officers.

In order to be eligible for hire with the Riverdale Police Department, all applicants must be certified as police officers in the State of Illinois. Riverdale police officers are required to go through a probationary period when they are first hired as Riverdale police officers in order to learn and familiarize themselves with the Riverdale Police Department rules and regulations. The Riverdale Police Department also conducts courses periodically which police officers are

---

[1] In responding to the defendant's Rule 56.1 Statement of Undisputed Facts, the plaintiff denied one paragraph. All other facts were either explicitly admitted or were not addressed due to a claim of insufficient knowledge. Local Rule 56.1(b)(3)(B) provides, in relevant part that, "All material facts set forth in the statement [of undisputed material facts] required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Thus, for purposes of the Motion for Summary Judgment, all facts to which plaintiffs responded that they lacked sufficient knowledge will be deemed admitted. The plaintiffs did not submit a statement of additional facts pursuant to Local Rule 56.1(b)(3)(B). The plaintiffs' sole submission in support of their opposition to defendant's motion for summary judgment is an eight paragraph affidavit by Pamela Lockhart.

required to attend in order to refresh their understanding relative to rules and regulations of the Riverdale Police Department.

The Riverdale Police Department Rules and Regulations contain various sections. One section of the Rules and Regulations puts the Riverdale police officers on notice with respect to specific prohibited acts which apply to them. The Rules and Regulations specifically provide that police officers are prohibited from engaging in acts which are in violation or attempted violations of any federal, state, county, or municipal law. Riverdale police officers are expected to establish and maintain a working knowledge of laws, policies and procedures, rules and regulations, and the Village of Riverdale General and Special Orders. There is a section of the Riverdale Police Department Rules and Regulations which specifically deals with departmental discipline. That section provides that alleged acts of misconduct on the part of police officers must be investigated, and the results of any such investigation must be reduced to a written report. The Riverdale Police Department also has a specific use of force policy in place which is best described as a use of force continuum providing that police officers are authorized to use only the force which is reasonably necessary.

The Riverdale Police Department has put in place a general order that has been circulated to the police officers which deals specifically with disciplinary guidelines. That particular general order lists recommended discipline to be imposed for various violations. The disciplinary guidelines that have been circulated to the personnel of the Riverdale Police Department are only recommended actions and discipline for violations of laws or rules, and discipline could be more or less severe than the recommended acts, depending on the violation. The Riverdale Police Department has circulated a general order to the Police Department

personnel dealing with internal investigations for complaints of officer misconduct. That general order has been in effect since May 2, 1991. The general order dealing with internal investigations states that the policy is to investigate all complaints of alleged officer misconduct and to determine the validity of such complaints in order to take the appropriate action.

All citizen complaints alleging officer misconduct are documented and investigated by the Riverdale Police Department. The Riverdale Police Department has a citizen complaint form that is given to individuals when they make a complaint of officer misconduct.[2] Those individuals are also given a pamphlet which explains the Riverdale Police Department's policy relative to citizen complaints against officers. When an individual makes a complaint against a Riverdale police officer, the sergeant on the shift or the most senior police officer on the shift takes the complaint. The citizen complaint is documented regardless of whether the citizen actually signs the complaint or not. After the information is taken down by the sergeant or the most senior police officer, the information is then forwarded to the patrol commander who will fully investigate the incident. The patrol commander investigates all complaints, whether they are deemed minor or major complaints and will do so irrespective of whether the complaint has been signed or not. After the investigation has been completed by the patrol commander, a report is forwarded to the Chief of Police. The Chief then determines what the appropriate course of action is based on the investigation that has been documented and forwarded to his attention. Since 1998, the Riverdale Police Department has received 13 citizen complaints alleging excessive force, false arrest, or unreasonable search or seizure by Riverdale police officers. All

---

[2]Plaintiff, Pamela Lockhart, maintains that she never received a complaint form and did not receive any assistance from the department when she called to complain.

of those complaints were investigated and reported to the Chief of Police. Four of those complaints resulted in officers being disciplined for their actions. In all four instances where discipline was imposed, the officers were required to take time off.

In the Complaint, plaintiffs make the following factual allegations. In the evening of February 11, 2003, plaintiff Napoleon Lockhart was outside of his home when he encountered members of the Riverdale police department who were located in his front yard. Mr. Lockhart questioned the police as to what their business was on his property. The officers proceeded to question Mr. Lockhart about his vehicle and subsequently attempted to arrest him. Mr. Lockhart then questioned one of the officers when he attempted to place Mr. Lockhart in handcuffs. Mr. Lockhart pulled his arm away and was subsequently sprayed in the eyes with O.C. spray. Mr. Lockhart then fled into his home and out the back door. The officers attempted to enter the home, which was occupied by Mrs. Lockhart and her three minor children. The police then used force to enter the home from the front and rear entrances. They searched the home and used racial slurs while questioning the family.

II. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir.2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. Id. at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. See Anderson, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." EEOC v. Roebuck & Co., 233 F.3d 432, 437 (7th Cir.2000). The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." Lesch v. Crown Cork & Seal Co., 282 F .3d 467, 471 (7th Cir.2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir.1996).

III. Discussion

Napoleon Lockhart seeks damages against the unknown police officers under the federal claim for the manner and method of his arrest on February 11, 2001. Pamela Lockhart seeks damages under the federal claim for the manner and method in which the unknown officers entered her home on the above date. Both plaintiffs seek damages against the Village of Riverdale for its alleged unconstitutional custom, policy or practice of failing to properly instruct, supervise, control and discipline its officers. The Village of Riverdale moves for summary judgment on the federal claim against it on the basis that the plaintiffs can not establish their prima facie case that Riverdale maintains an unconstitutional custom, policy or practice.

The standards for a successful Section 1983 action against local police officers or a municipality are well known. To prove the officers' liability, Lockhart must show that (1) he was deprived of a federal right and (2) that the deprivation was imposed upon him by one or more persons acting under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). To establish liability for the Village of Riverdale, Lockhart must prove that: (1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of his injury. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Ienco v. City of Chicago, 286 F.3d 994, 998 (7th Cir. 2002).

Plaintiffs can not meet that standard for their claim against the Village. It is undisputed that the Riverdale Police Department takes complaints of officer misconduct seriously and has a system in place to prevent constitutional violations of citizens. Plaintiffs argue that the fact that there have been complaints of excessive force lodged against individual police officers in the past five years is evidence that there is some type of widespread accepted practice in the Village of ignoring constitutional violations. The fact that complaints were made is not enough, standing alone, to establish liability upon the Village under a custom and practice theory of liability. Instead, the plaintiffs need to advance evidence not only that there was a pattern of similar violations that the Village was aware of, but also that the defendant was deliberately or recklessly indifferent to complaints of improper conduct in order to subject the municipality to liability. See Wilson v. City of Chicago, 6 F.3d 1233, 1240 (7th Cir. 1993).

In this case, the plaintiffs have neither attempted to show how the prior complaints were similar in nature to the alleged violations in this case nor that they put the defendant on notice that officers were violating citizens' rights in the manner alleged in the instant case. The plaintiffs state that the defendants "...fail to establish any facts surrounding these complaints." In a motion for summary judgment, however, it is the plaintiff's burden to establish a genuine issue of material fact precluding dismissal. Plaintiffs argue that their experience in attempting to complain shows that the Village disregards complaints. Yet, the plaintiffs do not explain how they attempted to lodge a complaint, who they contacted, who they spoke to, what they told the Riverdale Police Department, or what was said in response to their complaint. Instead, plaintiffs rely on the bare factual allegations in their complaint. In an attempt to show a pattern of violations, plaintiffs refer to neighbors that have been subjected to similar acts of misconduct. Notwithstanding the fact that the plaintiff's reference to their neighbors' statements is inadmissible hearsay, the plaintiffs do not offer evidence that: the neighbors experience was similar; that the neighbors complained to the Riverdale Police Department about the alleged conduct; that the Police Department knew about the alleged conduct involving the neighbors, or; that in the event that there was a complaint, that nothing was done despite the complaints. As such, the plaintiffs have failed to show a pattern of violations that the Village was aware of. Further, even if the plaintiffs had shown such a pattern, plaintiffs have not proffered any evidence pointing to deliberate indifference to such violations. Accordingly, summary judgment is granted in favor of the Village of Riverdale on Counts II of the complaint.

To the extent that the plaintiffs raised any claims against any unnamed officers of the Riverdale Police Department in Count I of the complaint, the Court finds that those claims are

time barred. Appellants failed to name the "unknown police officers" within the statute of limitations period. See Forman v. Richmond Police Department, 104 F.3d 950, 965 (7th Cir. 1997) (affirming grant of summary judgment in favor of unknown police officers). Courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a section 1983 case. Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Illinois has a two-year statute of limitations for personal injury claims, 735 ILCS 5/13-202 (West 2003). Therefore, section 1983 claims arising in Illinois are governed by a two-year statute of limitations. See Farrell v. McDonough, 966 F.2d 279 (7th Cir.1992). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson at 740; see also Diaz v. Shallbetter, 984 F.2d 850, 855 (7th Cir.1993) ("[E]very constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted."). In this case, the alleged injury was inflicted on February 11, 2001, which means that the statute of limitations ran out on February 11, 2003.

Further, even if the plaintiffs were to amend their complaint to include the name of the unknown officers, it would not relate back to the original complaint. It has long been the law in the Seventh Circuit that Rule 15(c)(3) of the Federal Rules of Civil Procedure permits an amendment to relate back to the original complaint only " 'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.' " Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1993) (quoting Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir.1980)). Accordingly, it is equally well established that Rule 15(c)(3) " 'does not permit relation back where ... there is a lack of knowledge of the proper

party.' " Id.; see also Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir.1996). In fact, the Seventh Circuit has emphasized that Rule 15(c)(3) contains a separate "mistake" requirement. See Worthington, 8 F.3d at 1257; Wood, 618 F.2d at 1230. Indeed, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) [now Rule 15(c)(3) ] whether or not the purported substitute party knew or should have known that the action would have been brought against him." Wood, 618 F.2d at 1230.

In this case, plaintiffs did not make a mistake concerning the unknown officers' identity when they filed their original complaint; they simply did not know the identity of the police officers. Accordingly, if plaintiffs amended their complaint to name the officers, that amendment would not relate back to the filing of the original complaint. Thus, because any amendment to the complaint to name the unknown officers would occur after the expiration of the statute of limitations, the complaint against the unknown officers is dismissed.

Counts III, IV, and V of the complaint are state law claims over which the Court had supplemental jurisdiction at the time the complaint was filed. See 28 U.S.C. § 1367(a). As this Court has dismissed all the federal claims prior to trial, the Court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3)). Accordingly, Claims III, IV and V of the complaint are dismissed without prejudice.

## Conclusion

For the foregoing reasons, the Village of Riverdale's motion for summary judgment is GRANTED on Count II of the complaint. Count I of the complaint is dismissed with prejudice. Counts III, IV and V of the complaint are dismissed without prejudice.

Enter:

David H. Coar
United States District Judge

Dated: May 20, 2003